UNITED STATES DISTRICT COURT

Northern District of California

San Jose Division

ANDREA MIRGOLI,
    Plaintiff,

No. C 10-1940 LHK

v.

CBSJ FINANCIAL CORPORATION,
    Defendant.
_____/

**ORDER GRANTING REQUEST FOR DEFENDANT'S INSURER REPRESENTATIVE TO ATTEND THE MEDIATION TELEPHONICALLY**

Date:    September 22, 2010
Mediator:    Gregory Walker

    IT IS HEREBY ORDERED that the request for defendant CBSJ Financial Corporation's insurer representative, Shawn Harris, to be excused from personally attending the September 22, 2010 mediation session before Gregory Walker is GRANTED.  Mr. Harris shall be available to participate telephonically in the mediation at all time in accordance with ADR L.R. 6-10(f).

    Defense counsel's letter setting forth defendant's request, however, requires a more instructive response than simply granting or denying the requests. The Court is quite troubled by defense counsel's assertion – which could be read as verging on a threat – that unless the Court excuses defendant's insurer representative from personally attending the mediation session, "... Travelers will send a local representative on their behalf." Under ADR L.R. 6-10 (a)(1), a party may not "hire out" its responsibilities to attend and participate in a mediation conducted through the Court's ADR program.

This rule provides that a corporation must be "…represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case." Further, the rule defines "party representative" more specifically for situations where authority to settle is vested only in a governing board, claims committee, or similar body. In such situations, "…the party must send the person…who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept settlements." Hiring a "local representative" could not conceivably meet these carefully defined standards. Such a "local representative" could not have final authority to settle or be fully knowledge about the case, nor could a "local representative" fully understand the carrier's position or its settlement procedures and policies. Defense counsel essentially acknowledges that her client's "local representative" would be in violation of this rule by stating in her letter that such a representative would not "...be as familiar with the case and will not be the person that is ultimately handling the case on behalf of Travelers."

The Court has granted this request for telephonic participation based on the nature of the case, the amount at stake, and the lack of objection from plaintiff's counsel, not as a result of defense counsel's apparent, implied threat. Defense counsel is directed to make certain that any future requests of this nature she makes comply fully with the ADR Local Rules and to refrain from suggesting to this Court that her client will violate the ADR Local Rules if her request is denied.

IT IS SO ORDERED.

September 15, 2010          By:          *Elizabeth D. Laporte*
 Dated                                         Elizabeth D. Laporte
                                               United States Magistrate Judge

2